FILED
ENTERED
RECEIVED
COUNSEL/PARTIES OF RECORD
SERVED ON

OCT - 2 2007

BY:
CLERK US DISTRICT COURT
DISTRICT OF NEVADA

DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:07-CR-039-JLQ-LRL |
| Plaintiff, | ORDER ON PENDING MOTIONS, SETTING MOTIONS AND TRIAL DATES |
| vs. | |
| NOEL GAGE & HOWARD AWAND, | |
| Defendants. | |

A hearing on pending motions was held in Las Vegas, Nevada on September 26, 2007. Appearing for the Plaintiff were Steven W. Myhre, Roger W. Wenthe, and Michael Chu. The Defendant Gage appeared in person and with his attorneys, Thomas Pitaro and Pamela Johnston. The Defendant Awand appeared in person and with his attorneys William B. Terry and Linda Norvell Marquis.

The court heard from counsel on all pending motions. The court then preliminarily ruled on the motions. The final rulings are as follows:

1. The Defendants' Motions To Dismiss (C.R. 52 & 53) are Denied, subject to renewal after the introduction of the Government's evidence in chief.

2. The Defendants' Motion To Sever Trials and Counts 17 & 18 (C.R. 50 & 54) are Denied in part and Granted in part to the extent that if the Defendants are tried jointly Counts 17 & 18 shall not be tried with the underlying Counts or referenced during any joint trial. The court will hear from the Government further as to the possibility of trying the Defendants on Counts 17 & 18 following the jury verdicts on the underlying

ORDER - 1



counts.

3.  The Defendants' Motion To Dismiss Counts 1-16 (C.R. 49 & 56) are Denied subject to any subsequent ruling on the efficacy of the Government's evidence.

4.   The Defendants Motions To Dismiss Counts 9-16, the alleged money laundering   Counts (C.R. 55), are Denied, subject to any subsequent ruling on the efficacy of the Governments evidence on the underlying Counts.

5. The Defendant's Motion For Bill of Particulars (C. R. 57) is Denied.

6. The Defendants' Motions To Join (C.R. 58 & 59) are Granted.

7.  The Government shall forthwith furnish the Defendants with all *Brady* & *Giglio*  material, including all Grand Jury transcripts that contain such material. This Order is continuing and the Government shall deliver such additional materials as it becomes aware of them.

8. The Government shall forthwith commence the required *Henthorn* research and continue it on an ongoing basis.  The results of this research shall be furnished to the Defendants on or before December 17, 2007 and thereafter if later learned.

9. The court informed counsel for the Plaintiff of the so-called "Cikutovich Rule." Thus, the Government shall inquire of the Government's witnesses and of any other federal, state, or local officers involved in this matter as to their knowledge of any impeachment, credibility, *Brady* or *Giglio*-type information pertaining to any Government witness, including any informant or cooperating individuals who may be witnesses. The Government shall provide the results thereof to counsel for the Defendants on or before  December 17, 2007. This Order is a continuing Order.

10.  On or before December 3, 2007, the Government shall provide a list of and copies of all trial exhibits.  The Government's list and exhibits shall start with Number 1 and follow sequentially.  Only exhibits shown on this list may be introduced at trial, absent good cause shown. On or before December 17, 2007, the Defendants shall file any objection they may have as to the authenticity of any such exhibits.  Rulings on any

ORDER - 2

objections shall take place at the Pretrial Conference at 9 a.m. on Wednesday, February 6, 2008. **Counsel should note that the Pretrial Conference has been moved from Friday, February 8, 2008 to Wednesday, February 6, 2008 at 9 a.m.**

11. On or before December 3, 2007, the Government shall file its Motion seeking to introduce any F. R. Crim. P. 404(b) evidence not bearing directly on the charges in the Superseding Indictment. The Defendants shall respond to such Motion on or before December 21, 2007. Any reply by the Government shall be on or before January 7, 2008. If oral argument is requested on this or any other Motion, such a request shall be so stated in the Motion. The court will then determine if argument will be in person or telephonically.

12. On or before December 17, 2007, the Government shall provide all Jencks Act materials including, but not limited to, the Grand Jury testimony of any proposed witness.

13. On or before December 17, 2007, the Government and the Defendants shall disclose to each other the written summarys of expert witnesses as required by F. R. Crim. P. 16(a)(1)(G) and 16 (b)(1)(C).

14. On or before January 8, 2008, each party shall provide to all other parties a copy of any proposed summary chart(s) it seeks to use during trial. Objections thereto shall be served and filed on or before January 22, 2008, and shall be heard at the Pretrial Conference.

15. On or before January 8, 2008, the Defendants shall serve and file a list of and copies of all trial exhibits. The Defendant Awand's list shall start with Number 2000 and the Defendant Gage's list shall start with Number 3000. Those Numbers shall continue sequentially. Only exhibits shown on these lists may be introduced at trial, absent good cause shown. On or before January 22, 2008, any opposing party shall file any objection they may have as to the authenticity of any such exhibits. Rulings thereon shall take place at the Pretrial Conference on February 6, 2008.

ORDER - 3

16. On or before January 18, 2008, the parties shall file briefs on all foreseeable and unresolved substantive and evidentiary issues that may arise during trial. Responses shall be served on or before January 30, 2008, and shall be heard at the Pretrial Conference.

17. Requested jury instructions, requested jury voir dire, and trial briefs shall be served and filed on or before February 5, 2008.

18. The Pretrial Conference and hearing on pending Motions shall commence at 9 a.m. on Wednesday, February 6, 2008 at 9 a.m.

19. The jury trials shall commence on Tuesday, February 19, 2008, at 9 a.m.

20. Counsel for the Defendant Awand had previously moved for a continuance of the trial of this matter to June 16, 2008, and the court, on August 28, 2007, granted that motion noting the purported complexity of this matter and the 49,000 pages of documents allegedly produced by the Government. The Defendant Gage, at the August 28, 2007, hearing, and before this court on September 26, 2007, objected to the trial date continuance request of the Defendant Awand. Defendant Gage has requested that his trial be severed and commenced on October 29, 2007.

The court concludes on a preliminary basis that the trial of the two Defendants named in the same Superseding Indictment which alleges, *inter alia,* an overall conspiracy to defraud, should be together. The court further concludes that the claimed complex factual and legal issues presented in this matter are such that the Motion For Continuance of the Defendant Awand should be Granted. At the September 26, 2007 hearing counsel for Awand requested a further trial continuance to the month of July, 2008. The Government has indicated that it expects the trial of this matter to take some 6 to 8 weeks. While this court, at the September 26, 2007, hearing, expressed skepticism as to that duration, it is apparent that the trial of this matter could last several weeks including a relatively large number of witnesses and documents. In addition, time will be needed by counsel for the Defendants to properly analyze and defend against the large

ORDER - 4

1  number of documents that has been and will be produced by the Government.

2      The court concludes pursuant to 18 U.S.C. § 3161(h)(8)(A) that the ends of justice

3  will best be served by affording counsel for the Defendants ample time to analyze the

4  documents to be furnished by the Government and to prepare for trial.  However, the

5  court concludes that a continuance of the trial to July 16, 2008, is not necessary and

6  therefore has set the trial to commence on February 19, 2008. Since the two Defendants

7  are presently scheduled for a joint trial, a continuance for one defendant extends the

8  Speedy Trial clock as to both Defendants. *United States v. King*, 483 F. 3d 969.973 (9th

9  Cir. 2007). Therefore, pursuant to 18 U.S.C. 3161(h)(7) & (8)(A) the time from October

10  29, 2007, the original trial date, to February 19, 2008, the current trial date, is excluded

11  from the Speedy Trial Act time computation.  In addition, pursuant to 18 U.S.C. § 3161

12  (h)(1)(F) the time from July 2, 2007,  the earliest date of the filing of unresolved motions

13  to the date they are finally decided, October 2, 2007, is also excluded from the Speedy

14  Trial Act time computation.

15      The Clerk of this court shall enter this Order and forward copies to counsel.

16      **DATED** this 2nd  day of October 2007.

17                    s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
18           SENIOR UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28  ORDER - 5